UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THAD TATUM, | ) | |
| an individual, | ) | Case No: 2:15-cv-02508-CJB-DEK |
| | ) | |
| Plaintiff, | ) | Judge: Barbier |
| | ) | |
| v. | ) | Magistrate Judge: Knowles |
| | ) | |
| NEW ORLEANS CITY PARK | ) | |
| IMPROVEMENT ASSOCIATION | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **FINAL JUDGMENT AND ORDER**

THIS CASE comes before the Court on the parties' Joint Motion to Enter Final Judgment and Order.

Upon due consideration of the Agreed Stipulations of Facts between the parties, the Court having been fully advised in the premises, and pursuant to Fed. R. Civ. P. 41(a) it is hereby:

ORDERED that Defendant shall perform the remediation consisting of:

    I.    Items numbers 1, 3, 13, 17, 18, 19, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 47 of the findings set forth in the report of expert Nicholas Heybeck.

    II.    With regard to Item 4 of the Heybeck report dealing with the parking facility/lot on the east side of the stadium off of Marconi Drive, the parties hereby stipulate that Defendant shall adopt a written policy requiring Defendant's lessees to keep the gates open for all events and will have its lessees provide a ticket seller where the gates open from this parking lot.

III.    With regard to Item 5 of the Heybeck report dealing with the ticket service counters at Gate 5A, the parties hereby stipulate that Defendant shall adopt a written policy requiring lessees to provide a ticket seller that stands outside of the ticket box to serve Gate 5A.

IV.     With regard to Items 6, 7, 8, 9, and 10 of the Heybeck report dealing with the bus stop area and curb ramps, Plaintiff hereby stipulates to dismissal of his claim as to these items without prejudice to the right to bring a separate action against the City of New Orleans.

V.      With regard to Items 11 and 12 of the Heybeck report dealing with the ticket sales trailer, the parties hereby stipulate that Defendant shall adopt a written policy requiring lessees to have gates opened at all events and standing ticket sellers available to sell all types of tickets where they are standing.

VI.     With regard to Items 14 and 15 of the Heybeck report dealing with a single designated accessible parking space on the southwest side of the stadium, Defendant shall eliminate this accessible space completely as many other accessible spaces are level and provided closer to the toilet rooms, concessions, and accessible ramps up to stadium seating.

VII.    With regard to Item 16 of the Heybeck report dealing with a curb ramp on the southwest side of the stadium, the parties stipulate that since the accessible space adjacent to this curb ramp will be converted to a standard space, this curb ramp will not be used by people with mobility impairments and therefore this recommendation is no longer necessary.

VIII.   With regard to Item 26 of the Heybeck report dealing with the men's toilet room near Section 109, the parties hereby stipulate that Defendant shall adopt a written policy requiring that this gate into the men's toilet room be kept open during all events.

IX.   With regard to Item 46 of the Heybeck report dealing with assembly area accessible seating areas, the parties stipulate that Defendant shall perform this modification in the manner recommended by Mr. Tcherneshoff.

X.   With regard to Item 48 of the Heybeck report dealing with a route from the ticketing trailer to the stadium entrance, the parties hereby stipulate that Defendant shall adopt a written policy requiring lessees to keep the gates open at all events and to provide standing ticket sellers at the gate.

XI.   With regard to Item 49 of the Heybeck report dealing with an accessible route from the stadium gates to the stadium, the parties stipulate that Defendant shall perform this modification in the manner recommended by Mr. Tcherneshoff.

XII.   With regard to Item 50 of the Heybeck report dealing with general parking at large football events, the parties hereby stipulate that Defendant shall adopt a written policy requiring requiring lessees to have Gate 5A and the Southern gates from the Southern parking lot open during all events and that an adequate number of accessible-designated parking spaces are provided based upon the number of attendees of the event.

The work set forth above shall be performed within three (3) years of the date of the entry of this Judgment, provided that the said work shall be performed in accordance with the terms and limitations set forth in the Settlement. This Order shall be subject to the continuing

jurisdiction of this Court and the right of either party to file a motion to enforce the Settlement in accordance with the terms set forth therein.

It is further ORDERED that in accordance with the terms of the Settlement, Plaintiff is the prevailing party. Plaintiff and Defendant shall attempt to amicably resolve the amount of attorneys' fees, expenses, and costs to be paid by Defendant to Plaintiff. In the event the Parties are unable to resolve this issue, Plaintiff shall submit the issue to the Court for determination by Motion within forty-five (45) days of the entry of this Final Judgment and Order.

It being the understanding of this Court that the parties have reached an agreement on an amount of money to be paid for Plaintiff's claim for general damages, as set forth in the Settlement, it is further ORDERED that once an agreement is reached on the issue of attorneys' fees, expenses, and costs (or a final order is issued by this court) the payment of Plaintiff's claim for general damages and attorneys' fees, expenses, and costs shall be made jointly, in one single check made out to "Thad Tatum and the Bizer Law Firm." Plaintiff's counsel shall provide an executed IRS form W-9 for the Bizer Law Firm to Defendant and Defendant shall issue an IRS form 1099 to Plaintiff's counsel for this payment. Payment shall be made within thirty (30) days from the date of final agreement between the parties or the entry of a final order as to the issue of attorneys' fees, expenses, and costs.

It is further ORDERED that this action is DISMISSED WITH PREJUDICE as to all claims, providing retention of jurisdiction by the Court to enforce, as necessary, the terms of the Settlement.

Any other pending motions are MOOT and this case is CLOSED.

**<u>SO ORDERED,</u>**

New Orleans, Louisiana, this 3rd day of June, 2016.

**JUDGE BARBIER**